Dear Mr. Lambrecht:
You have asked this office to advise you whether a Monroe city councilman may also serve as a compensated reserve police officer for the same municipality.
Our response to your question is governed by the dictates of the Louisiana Dual Officeholding and Dual Employment Laws, R.S.42:61, et seq. An individual who holds local elective office is prohibited by R.S. 42:63(D) from holding any position of employment within the same political subdivision in which he holds elected office. R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or fulltime appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
"Employment" is defined by R.S. 42:62(3) as "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
"Political subdivision" is defined by R.S. 42:62(9) as "a parish, municipality, and any other local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes for this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions." *Page 2 
Thus, a city councilman is prohibited by R.S. 42:63(D) from holding compensated employment as a police officer in the same city in which he holds elected office.
Note that the City of Monroe is governed by the provisions of a home rule charter. Pertinent to this discussion is Section 2-06 of Article II of that charter, which states:
 Section 2-06. Prohibitions
 A. Except as otherwise provided by this charter, a council member shall hold no other City office, City employment or elected public office, during the term for which elected to the council and no former council member shall hold any compensated appointive City office or City employment until one (1) year after the expiration of the term for which elected to the council. Nothing in this section shall prohibit a council member from serving as a member of a charter commission, constitutional convention or political party committee.
 B. Except as provided elsewhere in this charter neither the council nor any of its members shall involve themselves in any manner in the appointment, removal, direction or supervision of any City administrative officer or employee. (Emphasis added)
Thus, both the state law and the terms of the city charter prohibit a member of the Monroe city council from holding employment as a police officer for the City of Monroe.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ________________________________
 KERRY L. KILPATRICK
 Assistant Attorney General